UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATSY MAGALLANES, | ) | Case No. 3:25-cv-2305 |
| | ) | |
| Plaintiff, | ) | Judge |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT'S NOTICE OF** |
| WALGREEN CO., | ) | **REMOVAL** |
| | ) | |
| Defendant. | ) | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Walgreen Co. ("Defendant"), by and through undersigned counsel, hereby gives notice of the removal of this civil action from the Wood County Court of Common Pleas to the United States District Court for the Northern District of Ohio, Western Division.  In support of its Notice of Removal, Defendant states as follows:

## THE STATE COURT ACTION

1.      On September 24, 2025, Plaintiff Patsy Magallanes ("Plaintiff") filed a Complaint in the Court of Common Pleas for Wood County, Ohio, captioned *Patsy Magallanes v. Walgreen Co.,* Case No. 2025CV0679 (the "State Court Action").  A true and accurate copy of the State Court Action Complaint (the "Complaint") is attached as Exhibit A, pursuant to 28 U.S.C. § 1446(a).  A copy of the Summons filed in the State Court Action is attached as Exhibit B.

2.      Plaintiff's Complaint asserts claims of disability discrimination, failure to accommodate an alleged disability, and retaliation under Ohio Revised Code § 4112.02 *et seq.*

**TIMELY REMOVAL**

3.     Defendant was served with the Summons and Complaint on or after September 29, 2025.

4.     Upon information and belief, no other process, pleadings, or orders, other than the Summons and Complaint, have been served in the State Court Action.

5.     In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of service of the Complaint upon Defendant.

6.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

**COMPLETE DIVERSITY OF CITIZENSHIP**

7.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C § 1332, and this matter may be removed to this Court pursuant to 28 U.S.C. § 1441(a), in that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and this action involves citizens of different states.

8.     In diversity cases, the defendant bears the burden of proving that the amount in controversy exceeds $75,000.00 by the preponderance of the evidence. *See Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 573 (6th Cir. 2001). This standard "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount in controversy requirement." *Id.* at 572 (internal quotations omitted). Rather, "it is well settled" that, to carry its burden, the removing party must show that it is "more likely than not" that the amount in controversy exceeds $75,000.00. *McMahon v. Alternative Claims Serv., Inc.*, 521 F.Supp.2d 656, 659 (N.D. Ohio 2007) (internal citations omitted).

9.     Without making any admission as to the merits or lack thereof of Plaintiff's claimed damages, in the pending matter, the amount in controversy exceeds $75,000, exclusive of interest

2

and costs, as Plaintiff seeks compensatory damages "in an amount in excess of $25,000 *per claim*." *See,* Complaint at subpart (b) of the "Demand for Relief." (Emphasis added). As Plaintiff's Complaint raises three separate claims, Plaintiff has alleged compensatory damages of at least $75,000.

10.    In addition, Plaintiff seeks an award of punitive damages "in an amount in excess of $25,000," as well as an award of attorney fees.  See, Complaint at subparts (c) and (d) of the "Demand for Relief."   Accordingly, combining the alleged compensatory damages and the potential punitive damages alleged in the Complaint, the total possible damages recoverable in this case exceeds $75,000.  See, *McMahon,* 521 F.Supp.2d at 661 (holding that preponderance of evidence standard was satisfied and jurisdictional amount was met for purposes of diversity of citizenship where Complaint sought undetermined amount of compensatory damages and where possible judgment "could result in [a] punitive damage award.").

11.    Because the potential compensatory and punitive damages award exceeds $75,000, the amount in controversy requirement is satisfied.

12.    Complete diversity of citizenship also exists in that Plaintiff and Defendant are citizens of different states. Plaintiff alleges in the Complaint that she is a resident of Perrysburg, Ohio, which is located in Wood County.  *See*, Complaint at Paragraph 1. As acknowledged in Plaintiff's Complaint, Defendant is a foreign limited liability company. Complaint at Paragraph 2. Defendant is, and was at the time this civil action was filed, a company incorporated in Illinois with its principal place of business where its officers direct, control, and coordinate the company's activities in Deerfield, Illinois.   Therefore, Defendant is a citizen of Illinois for purposes of diversity jurisdiction.  28 U.S.C. § 1332(c)(1); see also, *GE Commercial Distribution Finance Corp. v. W.W. Cycles, Inc.*, 2011 WL 1831752 (N.D. Ohio 2011) (holding that for purposes of

3

diversity of citizenship a corporation is a citizen of any state where it is incorporated and has its principal place of business).

## VENUE

13.     The United States District Court for the Northern District of Ohio, Western Division, is the district embracing the place where this action is pending and where events alleged in the Complaint purportedly occurred.  Therefore, the civil action described above may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1391.

14.     This action is not a non-removable action as described in 28 U.S.C. § 1445.

## NOTICE

15.     Defendant has filed a true and correct copy of this Notice for Removal with the Clerk of Courts for the Wood County Court of Common Pleas, together with the Notice filed therein, and served both upon Plaintiff's counsel.  28 U.S.C. § 1446(d).  A true and accurate copy of Defendants' Notice filed with the Wood County Court of Common Pleas is attached as Exhibit C.

16.     By filing this Notice of Removal, Defendant does not waive any defenses that may be available.  Nothing in this Notice of Removal should be construed as an admission or acknowledgement of liability, a waiver of any defenses, or that Plaintiff is entitled to any damages.

17.     Defendant requests that this court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of further proceedings in the state court, in accordance with the law.

18.     Defendant will separately and contemporaneously file a Corporate Disclosure Statement in accordance with Fed. R. Civ. P. 7.1.

WHEREFORE, Defendant files this Notice of Removal so that the entire State Court

4

Action, Case No. 2025CV0679, now pending in the Wood County, Ohio Court of Common

Pleas, may be removed to this Court for all further proceedings.

Respectfully submitted,

*/s/ Anthony D. Dick*
Rebecca J. Bennett (0069566)
Anthony D. Dick (0084913)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Key Tower
127 Public Square, Suite 4100
Cleveland, OH 44114
216-241-6100
216-357-4733 (FAX)
Email: rebecca.bennett@ogletree.com
anthony.dick@ogletree.com

*Attorneys for Defendant*

5

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2025, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  A copy of the foregoing was also sent via email to counsel for Plaintiff as follows:

Patricia Brandt
Sam B. Robb
Spitz, The Employee's Law Firm
3 Summit Park Drive, Suite 200
Independence, Ohio 44131
*Attorneys for Plaintiff*

/s/ Anthony D. Dick
*One of the Attorneys for Defendant*

93090185.v1-OGLETREE